UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**WILLIAM LOUIS-BRUX,**

    **Plaintiff,**

    v.                                                    Case No. 18-CV-826

**NANCY A. BERRYHILL,**
**Acting Commissioner of Social Security,**

    **Defendant.**

---

### DECISION AND ORDER

---

William Louis-Brux seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying his claim for disability insurance benefits under the Social Security Act, 42 U.S.C. § 405(g). For the reasons below, the Commissioner's decision will be reversed and the case remanded for further proceedings consistent with this decision pursuant to 42 U.S.C. § 405(g), sentence four.

### BACKGROUND

Louis-Brux initially filed an application for a period of disability and disability insurance benefits ("DIB") on July 12, 2010. (Tr. 13.) The agency denied the claim on December 29, 2010 and Louis-Brux did not appeal the denial. On October 3, 2014, Louis-Brux protectively filed an application for DIB and on October 7, 2014, he protectively filed an application for supplemental security income ("SSI"). (*Id.*) In both applications, Louis-Brux alleged disability beginning on April 1, 2009 due to major depression with reoccurring suicidal tendencies, type one diabetes, and seizures. (Tr. 13, 280.) Both claims were denied

initially; however, upon reconsideration, the agency approved Louis-Brux's application for SSI as of the October 7, 2014 protective filing date. (Tr. 13, 21.)

A hearing was held before an Administrative Law Judge ("ALJ") on March 31, 2017 regarding his DIB claim. (Tr. 29–68.) Louis-Brux (represented by counsel) testified at the hearing, as did John Reiser, a vocational expert ("VE"). (Tr. 30.) In a written decision issued June 27, 2017, the ALJ found that although Louis-Brux alleged disability beginning on April 1, 2009, because the agency previously found him not disabled as of December 29, 2010 and Louis-Brux never appealed that finding, res judicata applied and Louis-Brux's earliest alleged onset date was December 30, 2010, the day after the prior denial. (Tr. 13.)

Thus, the ALJ found that from the onset date of December 30, 2010 to June 30, 2011 (Louis-Brux's date last insured), he had the severe impairments of affective disorder, anxiety disorder, personality disorder, and diabetes. (Tr. 16.) The ALJ further found that Louis-Brux did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (the "listings"). (Tr. 16–18.) The ALJ found Louis-Brux had the residual functional capacity ("RFC") to perform light work, with the following limitations: occasionally climb ramps and stairs, balance, stoop, kneel, crouch, or crawl; cannot climb ladders, ropes, or scaffolds; cannot work at unprotected heights or around moving mechanical parts; and limited to performing simple, routine, and repetitive tasks but not at a production rate pace (e.g., assembly line work) and limited to making only simple work-related decisions. (Tr. 18.)

While the ALJ found Louis-Brux was unable to perform any past relevant work, he also found that given Louis-Brux's age, education, work experience, and RFC, other jobs existed in significant numbers in the national economy that Louis-Brux could perform. (Tr.

20.) As such, the ALJ found Louis-Brux was not disabled from his alleged onset date until his date last insured. (Tr. 21.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied the plaintiff's request for review. (Tr. 1–5.)

## DISCUSSION

### 1. *Applicable Legal Standards*

The Commissioner's final decision will be upheld if the ALJ applied the correct legal standards and supported his decision with substantial evidence. 42 U.S.C. § 405(g); *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). Substantial evidence is not conclusive evidence; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schaaf v. Astrue*, 602 F.3d 869, 874 (7th Cir. 2010) (internal quotation and citation omitted). Although a decision denying benefits need not discuss every piece of evidence, remand is appropriate when an ALJ fails to provide adequate support for the conclusions drawn. *Jelinek*, 662 F.3d at 811. The ALJ must provide a "logical bridge" between the evidence and conclusions. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

The ALJ is also expected to follow the SSA's rulings and regulations in making a determination. Failure to do so, unless the error is harmless, requires reversal. *Prochaska v. Barnhart*, 454 F.3d 731, 736–37 (7th Cir. 2006). In reviewing the entire record, the court does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). Finally, judicial review is limited to the rationales offered by the ALJ. *Shauger v. Astrue*, 675 F.3d 690, 697 (7th Cir. 2012) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Campbell v. Astrue*, 627 F.3d 299, 307 (7th Cir. 2010)).

*2.     Application to this Case*

Louis-Brux argues that the ALJ erred in two specific ways: (1) the ALJ propounded a hypothetical question to the VE that failed to adequately account for Louis-Brux's moderate limitations in concentration, persistence, or pace and (2) the ALJ failed to inquire about an alleged discrepancy between the VE's testimony and the Dictionary of Occupational Titles in violation of Social Security Ruling 00-4p. (Pl.'s Br., Docket # 13.)

As an initial matter, Louis-Brux only challenges the ALJ's denial of DIB benefits from December 30, 2010 to June 30, 2011. Louis-Brux does not argue that the ALJ erred in considering his alleged onset date to be December 30, 2010, as opposed to April 1, 2009, because of the previously unchallenged finding of no disability on December 29, 2010. Louis-Brux does fault the ALJ, however, for failing to properly consider his treatment records from before his onset date and from after his date last insured. (*Id.* at 25–26.)

The problem in this case is that Louis-Brux has few treatment records and no opinions from treating or examining physicians from the relevant period. (Tr. 19.) In fact, Louis-Brux even concedes that his condition "was apparently stable" in 2011 and 2012. (Pl.'s Br. at 13.) Louis-Brux argues the ALJ erred by failing to consider his treatment records both pre-dating and post-dating the relevant period to fill in the gaps. He notes that "there is no explanation for the absence of records during that time," but contends that even if the record does not support a finding that a listing was met during the relevant time, it "also does not support a finding that Louis-Brux did not have any mental impairments or symptoms during that timeframe." (*Id.* at 14–15.) While true, Louis-Brux must not forget that it is *his* burden to show that he suffers from a severe impairment that precludes substantial gainful activity during the relevant period.

4

As to the medical records pre-dating his alleged onset date, the ALJ found that while Louis-Brux had a history of mental health hospitalizations prior to 2010, the agency had already adjudicated that period and found him not disabled despite those records. (Tr. 19.) The ALJ found that Louis-Brux never appealed this denial and thus he was barred by res judicata from reopening the determination. (Tr. 13, 19.) The doctrine of res judicata applies in social security proceedings. *Schwabe v. Barnhart*, 338 F. Supp. 2d 941, 961 (E.D. Wis. 2004). However, in social security proceedings, when a claimant's applications are separated in time, such that a different conclusion as to the claimant's condition could plausibly be reached, res judicata does not apply. *Rucker v. Chater*, 92 F.3d 492, 495 (7th Cir. 1996). In other words, while an ALJ's disability finding is binding with respect to a claimant's eligibility for benefits during the time of the original application period, it has no effect on an application for disability benefits for a subsequent period. *See id*. Res judicata will, however, bar a claimant from asking the ALJ to reach a different conclusion after re-evaluating the evidence from the same period. *Schwabe*, 338 F. Supp. 2d at 961.

Louis-Brux does not address the Commissioner's res judicata argument. To the extent that Louis-Brux is attempting to obtain a second review on the merits of the original, unchallenged agency decision, he is precluded by res judicata from doing so. *See Groves v. Apfel*, 148 F.3d 809, 810 (7th Cir. 1998). However, to the extent he is asking me to look at the medical evidence submitted regarding his first application for benefits as support for his current application for disability, res judicata does not apply. *See id.* ("[A]lthough the final judgment denying that application was res judicata, this did not render evidence submitted in support of the application inadmissible to establish, though only in combination with later evidence, that she had become disabled after the period covered by the first proceeding.").

5

The evidence is relevant to the extent that it supports Louis-Brux's current disability claim. *See id.* at 810–11.

The same is true of the evidence post-dating Louis-Brux's date last insured. He is correct that the ALJ must consider all the evidence in the record, even evidence post-dating the relevant period, but only to the extent that the subsequent medical evidence informs the claimant's condition during the relevant period. *Halvorsen v. Heckler*, 743 F.2d 1221, 1225–26 (7th Cir. 1984). *See also Blom v. Barnhart*, 363 F. Supp. 2d 1041, 1059 (E.D. Wis. 2005) ("[T]he ALJ must consider evidence that post-dates the relevant period to the extent that it corroborates or supports the evidence from the relevant period.").

Louis-Brux himself acknowledges that his "condition was apparently stable" in 2011 and 2012 (Pl.'s Br. at 13) and he has "no explanation for the absence of records during that time" (*id.* at 14). For example, he does not allege that he was without access to medical treatment during this period, despite continuation or exacerbation of symptoms. Thus, while Louis-Brux argues the matter should be remanded with a directive to consider the medical records pre-dating and post-dating the relevant period, he does not show how the records would inform his condition during the relevant period.

Where remand becomes necessary, however, is in the ALJ's RFC finding regarding Louis-Brux's moderate limitations in concentration, persistence, or pace. The ALJ was admittedly in a difficult position in this case because the application covers a very narrow period and Louis-Brux submitted few medical records and no treating physician opinions relating to the relevant period. What the ALJ was left with were the opinions of the state agency psychological consultants, Dr. Spear and Dr. Dunaway, who evaluated Louis-Brux from the April 9, 2009 alleged onset date through May 2015 and June 2015, respectively. (Tr.

108–11, 161–63.) The ALJ assigned great weight to the opinions of Dr. Spear and Dr. Dunaway because "they explained the claimant's condition over the long term and also differentiated between the claimant's less severe mental illness prior to the date last insured and his long hospitalizations in 2014." (Tr. 17.)

Neither Dr. Spear nor Dr. Dunaway, however, assigned different limitations based on this differentiation between periods. Rather, both Dr. Spear and Dr. Dunaway generally opined that Louis-Brux had moderate difficulties in maintaining concentration, persistence, or pace. (Tr. 108, 161.) Dr. Spear further opined that Louis-Brux was moderately limited in his ability to: carry out detailed instructions; maintain attention and concentration for extended periods; and perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. (Tr. 110.) Dr. Spear specifically stated in the narrative portion of his assessment that Louis-Brux's depression, anxiety, and suicidal ideation limited his ability to maintain attention and concentration for extended periods, carry out detailed instructions, and maintain regular attendance. (Tr. 110.) Again, the RFC limits Louis-Brux to simple, routine, and repetitive tasks, but not at a production rate pace, and to simple, work-related decisions.

As Chief Judge Griesbach recently explained:

> It is now abundantly clear that under the law of this circuit, the ALJ must include in the RFC, and in the corresponding hypothetical question to the VE, all of the limitations the ALJ finds in the paragraph B criteria at steps 2 and 3 of the sequential evaluation, as well as those in the "summary conclusions" or "worksheet" section of the MRFCA form. It is also clear that under the law of this circuit, "moderately limited" means more than some impairment. Exactly what more it means is unclear.

*Hoeppner v. Berryhill*, No. 17-C-1775, 2019 WL 1199398, at *6 (E.D. Wis. Mar. 14, 2019). Pursuant to the Seventh Circuit's recent decision in *DeCamp v. Berryhill*, 916 F.3d 671 (7th

7

Cir. 2019), Louis-Brux's RFC is insufficient to properly account for his limitations. While it is understandable that the ALJ would believe, for example, that a limitation to slower paced work would account for his difficulties in maintaining concentration for extended periods, given that fast-paced work requires more focus and attention than slower-paced work, *see Hoeppner*, 2019 WL 1199398, at *3, the *DeCamp* court made clear that this is deficient, *DeCamp*, 916 F.3d at 676 ("[T]here is no basis to suggest that eliminating jobs with strict production quotas or a fast pace may serve as a proxy for including a moderate limitation on concentration, persistence, and pace."). Further, the RFC is completely silent as to Louis-Brux's limitations in maintaining regular attendance. Because the ALJ gave great weight to the opinion of Dr. Spear, who identified this limitation, the ALJ was required to include this limitation in his RFC, or explain why he did not. *See Hoeppner*, 2019 WL 1199398, at *4. *See also DeCamp*, 916 F.3d at 676–77.

Thus, on remand, if the ALJ gives great weight to the opinion of a state agency psychological consultant's opinion, then Seventh Circuit law requires him to include in the RFC all of the limitations found in the "summary conclusions" or "worksheet" section of the MRFCA form (or explain why he is rejecting the specific summary conclusions).

Because the ALJ's reconsideration of Louis-Brux's RFC will likely change the questions posed to the VE, I will not address Louis-Brux's argument regarding the alleged discrepancy between the VE's testimony and the Dictionary of Occupational Titles in violation of Social Security Ruling 00-4p further. However, the ALJ must take care to include all of Louis-Brux's limitations in concentration, persistence, or pace in the hypothetical question presented to the VE. *See O'Connor-Spinner v. Astrue*, 627 F.3d 614, 620 (7th Cir. 2010).

## CONCLUSION

The ALJ's RFC determination failed to account fully for Louis-Brux's limitations in concentration, persistence, or pace. Therefore, this case will be remanded to address this issue.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the Commissioner's decision is **REVERSED**, and the case is **REMANDED** for further proceedings consistent with this decision pursuant to 42 U.S.C. § 405(g), sentence four.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 5th day of April, 2019.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge