UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WILLIAM LOUIS-BRUX,

      Plaintiff,

    v.                                                  Case No. 18-CV-826

ANDREW M. SAUL,
**Commissioner of Social Security,**

      Defendant.

## DECISION AND ORDER APPROVING AN AWARD OF ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

On April 5, 2019, I reversed the Social Security Commissioner's decision denying William Louis-Brux's claim for disability insurance benefits and remanded the case for further proceedings pursuant to 42 U.S.C. § 405(g), sentence four. (Docket # 19.) I granted Louis-Brux's request for attorney's fees under the Equal Access to Justice Act ("EAJA") on July 18, 2019 and awarded $6,900.00 in fees, (Docket # 27), however, the $6,900.00 in EAJA fees was applied to a delinquent debt, pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), that Louis-Brux owed to the government (Docket # 30-4). On remand, Louis-Brux appeared before an Administrative Law Judge who approved his claim for disability insurance benefits. (Docket # 30 at 2.) The Social Security Administration issued a Notice of Award letter dated July 19, 2020, stating that the Administration was withholding $16,477.50, which amounts to 25% of his past due benefits, to pay his attorney. (Docket # 30-2.)

Louis-Brux agreed to pay his attorney 25% of his past-due benefits award. (Docket #

30-1.) Again, the Administration withheld $16,477.50 from his past-due benefits to pay his representative. (Docket # 30-2 at 3.) Louis-Brux's counsel, Attorney Dana Duncan, requests the court award him $16,477.50 in fees, which represents twenty-five percent of the past-due disability insurance benefits. While an award under § 406(b) is normally offset by the previously awarded EAJA fees, *see Hanrahan v. Shalala*, 831 F. Supp. 1440, 1452 (E.D. Wis. 1993) (stating that "when attorney's fees are awarded under both the SSA and the EAJA for the same services, an attorney is entitled to keep the larger fee but must return the smaller fee to the claimant"), because counsel did not receive the EAJA fees due to the *Ratliff* offset, counsel requests the entirety of the $16,477.50 withheld. The Commissioner does not object to the fee request. (Docket # 32.)

The court must approve any fee under § 406(b). Congress intended such review not to override the claimant and counsel's fee arrangement but rather to act as an "independent check" to ensure that the arrangement yielded a reasonable result in the particular case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* Within the 25% boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. *Id.* In making this determination, the court may consider the character of the representation and the results obtained, reducing an award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time counsel spent on the case that the fee would constitute a windfall to the attorney. *Id.* at 808.

As noted above, Louis-Brux entered into a 25% contingency fee agreement with counsel. Twenty-five percent of his total past due benefits equals $16,477.50. Thus, counsel has met the "one boundary line" of requesting a fee that does not exceed twenty-five percent of the past-due benefits.

However, within the twenty-five percent boundary, Counsel must still show that the fee sought is reasonable. Counsel contends that the requested fee is reasonable for the 34.70 hours of legal work spent in this case. (Docket # 31.) He argues that he has substantial experience in handling disability claims in multiple federal courts. (*Id.* at 9–12.) Counsel notes that he achieved a fully favorable result, with Louis-Brux being found disabled and receiving back benefits to April 1, 2009—thus receiving more than ten years of additional backpay and Medicare benefits eligibility since May 2010. (*Id.* at 7.)

Pursuant to *Gisbrecht*, I find the requested fee is reasonable. Counsel obtained a fully favorable result for Louis-Brux, who was awarded disability insurance benefits and was awarded back benefits to April 1, 2009. (*Id.*) I further find the fee does not constitute a windfall to the attorney. The amount sought by counsel under § 406(b) is within the 25% permitted by law and provided for in the fee agreement. The fee of $16,477.50 for 34.70 hours of work equates to an hourly fee of approximately $474.86/hour, and this is well within the realm of reasonable fees approved by the courts in this circuit. *See Koester v. Astrue*, 482 F. Supp. 2d 1078, 1081 (E.D. Wis. 2007) (approving hourly rate of $580.67 per hour for 38.80 hours of work); *Stemper v. Astrue*, No. 04-CV-838, 2008 WL 2810589, *1 (W.D. Wis. July 14, 2008) (approving rate hourly rate of $666 per hour).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's motion for an

3

award of attorney's fees pursuant to 42 U.S.C. § 406(b) (Docket # 30) is hereby **GRANTED**. Attorney Dana Duncan is awarded fees in the amount of $16,477.50.

Dated at Milwaukee, Wisconsin this 26th day of August, 2020.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge